[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 2433
STATE OF CONNECTICUT V. JAMES R. DAVIS
 Date of Sentence: June 9, 1992 Date of Application: June 9, 1992 Date Application Filed: June 24, 1992 Date of Decision: January 26, 1992
Application for review of sentence imposed by the Superior Court, Judicial District of New London at New London, Docket No. 21-47819.
Jacques Parenteau, Esq., For the Petitioner.
John Dinone, Esq., Assistant State's Attorney for the State.
BY THE DIVISION
The petitioner was found guilty, after a trial by jury, of Robbery First a violation of Connecticut General Statutes 53a-134(a)(4) and Larceny Second in violation of Conn. Gen. Stat. 53a-123(a)(3). He was sentenced to fifteen years to serve on the first count and by operation of law no sentence was imposed on the second count. The sentence was imposed consecutive to any time the petitioner was serving at the time of sentencing.
The evidence shows that a Norwich pizza establishment was held up early in the morning by a man wearing a ski mask and holding a gun. After pointing the gun at the robbery victim and taking what cash was available the petitioner forced the victim into a walk-in cooler and closed the door behind. The victim was told that if he left the cooler before ten minutes were up he would be killed.
Counsel for the petitioner focused on the fact that the sentence imposed by the court was consecutive to his other sentences. He admitted that the fifteen years alone for the crimes the petitioner was convicted of was not in and of itself harsh. However, when the court imposed it consecutively it then became an inappropriate sentence. CT Page 2434 Counsel pointed out that during the robbery no one was hurt and that no shots were fired. He noted that the petitioner came from a troubled family background, an unstable home life and that his client was not the equivalent to the modern day "Jessie James". He claimed that the actions of the petitioner can be attributed to the invincibility of youth.
When the petitioner addressed the panel he informed it that his wife and daughter were sticking with him and that he still maintains his innocence.
The attorney for the state noted that the petitioner has been convicted before three different courts, for what he described as a crime spree. He felt that the sentence as imposed by the court was fair and it should be upheld by the panel.
In reviewing the remarks of the sentencing court we find that it recognized the difficulty of imposing a sentence that was fair and just under the factual circumstances before it. We note that the court considered the enormity of the crime and the fact that no one was hurt during the commission of the crime. However, the court stated that the use of a firearm produces an affectation on the victim that is horrendous. The court felt that based upon the petitioner's crime record that rehabilitation was of little possibility.
In its final remarks the court stated "I don't believe that concurrent sentences would be, at all, appropriate under these circumstances. This is a separate crime. It was part of the ongoing lifestyle that evidently the defendant was engaged in at the time the crime was committed. But it is a separate and distinct crime, with separate and distinct victims, and a separate and distinct sentence should be imposed."
This is not the first time this division has had to decide on whether the pronouncement by the court of "consecutive" versus concurrent time runs afoul of the P.B. Section 942. Can a sentence that is imposed for a separate and distinct crime before the court, which is admittedly proper for the crime, suddenly become improper because it begins running after the sentence(s) imposed previously have run their course? We find that this division must review the totality of the cumulative effect of the entire sentence to CT Page 2435 see if the sentence as applied is in violation of P.B. 942. To do otherwise would allow sentencing courts to impose consecutive time whenever it was an option without giving it its proper weight and without being subject to sentence review.
As petitioner's counsel pointed out, the total effect of the consecutive sentence is to add 15 years to the petitioner's previous total of 51 years to serve. Certainly 15 more years has a dramatic impact on the petitioner's ability to leave prison. Therefore, we find that it imperative that the sentencing court effectively support in its reasoning why consecutive time is necessary and proper.
In reviewing the remarks of the sentencing judge we find ample justification both factually and within the confines of P.B. 942 to uphold the sentence imposed both individually for the crime committed and along with the consecutive portion. The Sentence is affirmed.
Norko, J. Klaczak, J. Stanley, J.
Norko, J., Klaczak, J., and Stanley, J. participated in the hearing.